|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 4:13-CR-237 |
| § | |
| KYLE WAYNE KINDLE § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Kyle Wayne Kindle's ("Kindle") *pro se* letter motion (#36) concerning his federal and state terms of imprisonment. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.   Background

While on parole for an unrelated offense, Kindle committed a series of crimes in June and July 2013, resulting in several state convictions and one federal conviction. According to Kindle's Presentence Investigation Report ("PSR"), which was prepared in 2014, in October 2013, Kindle was sentenced by the 296th Judicial District Court of Collin County, Texas, to a one-year term of imprisonment for unauthorized use of a motor vehicle that occurred on June 21, 2013 (Case No. 296-82085-2013); a one-year term of imprisonment for theft that occurred on June 25, 2013 (Case No. 296-82084-2013); five years' imprisonment for evading arrest/detention with a vehicle that occurred on June 25, 2013 (Case No. 296-82081-2013); a one-year term of imprisonment for theft that occurred on June 26, 2013 (Case No. 296-82080-2013); five years' imprisonment for evading arrest/detention with a vehicle that occurred on July 5, 2013 (Case No. 296-82083-2013); and a one-year term of imprisonment for unauthorized use of a motor vehicle that occurred on July 5, 2013 (Case No. 296-82082-2013). In addition, according to Texas Department of Criminal Justice ("TDCJ") records, on October 15, 2015, Kindle was sentenced in Grayson County, Texas, to ten

years' imprisonment for unauthorized use of a motor vehicle and theft that occurred on June 25, 2013 (Case No. 066012).

On October 9, 2013, in the above-captioned case, a federal grand jury in the Eastern District of Texas returned a two-count Indictment charging Kindle in Count One with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and in Count Two with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j); both offenses were alleged to have occurred on or about June 25, 2013, in the Eastern District of Texas. On January 30, 2014, pursuant to a non-binding plea agreement, Kindle pleaded guilty to Count One, and on July 31, 2014, he was sentenced to 78 months' imprisonment, to "run consecutively with the defendant's term of imprisonment in Case Numbers 296-82081-2013 and 296-82084-2013, 296th Judicial District Court of Collin County, McKinney, Texas."

On May 18, 2020, Kindle filed the instant letter stating that he is currently incarcerated in the Texas state prison system, has completed his "5 yr sent," which "was stacked" with his 78-month federal sentence, and is currently serving his "10 yr sent." Kindle asserts that his ten-year state sentence should run concurrently with his 78-month federal sentence. The court construes his letter as a request that the court order his federal sentence to run concurrently with his ten-year sentence in Grayson County, Texas.[1] Kindle is currently in the custody of the TDCJ, and his projected release date from state prison is July 27, 2025. He has not yet begun serving his federal sentence.

---

[1] Kindle apologizes for not including cause numbers in his letter and explains that he does not have that information.

II.     Analysis

Kindle appears to assert that because his Grayson County, Texas, offenses of unauthorized use of a motor vehicle and theft and his federal offense of possession of a firearm by a felon occurred on the same date—June 25, 2013—the sentences should run concurrently.

Title 18 of the United States Code, Section 3584, allows the district court to determine whether to run multiple sentences of imprisonment consecutively or concurrently. 18 U.S.C. § 3584; *accord United States v. Gonzalez*, 520 U.S. 1, 6-7 (1997) ("Normally, a district court has authority to decide whether federal prison terms should run concurrently with or consecutively to other prison sentences." (citing 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3)); *United States v. Lindsey*, 969 F.3d 136, 139 (5th Cir. 2020) ("District courts have discretion to select whether sentences they impose will run concurrently or consecutively to other sentences they impose, to sentences that have been imposed in other proceedings, and to 'anticipate[d]' state sentences not yet imposed." (quoting *Setser v. United States*, 566 U.S. 231, 236 (2012)). In determining whether sentences should run concurrently or consecutively, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) with respect to each offense for which a term of imprisonment is being imposed. 18 U.S.C. § 3584(b); *see Lindsey*, 969 F.3d at 143.

Under federal law, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Thus, if a judgment does not specify that a federal sentence should run concurrently with a separately imposed sentence, the sentences are deemed to run consecutively. *United States v. Milton*, 805 F. App'x 280, 282 (5th Cir. 2020); *United States v. Johnson*, 760 F. App'x 261, 265 (5th Cir. 2019); *United States v. Eiland*, 711 F. App'x 730, 731 (5th Cir. 2017) (citing *Free*

3

*v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *United States v. Candia*, 454 F.3d 468, 475 (5th Cir. 2006) (citing 18 U.S.C. § 3584(a)). Because Kindle's federal sentence was imposed independently from his state sentence, and the court's judgment does not specify whether it should run consecutively to or concurrently with his state sentences (other than his terms of imprisonment in Case Numbers 296-82081-2013 and 296-82084-2013, 296th Judicial District Court of Collin County, McKinney, Texas), Kindle's federal sentence is deemed to run consecutively to his state sentences. *See Johnson*, 760 F. App'x at 265.

Because Kindle's state convictions for theft and unauthorized use of a motor vehicle are offenses distinct from his federal conviction for possession of a firearm by a felon, the court finds concurrent sentences unwarranted. *See Lindsey*, 969 F.3d at 143; *United States v. Valdez*, 726 F.3d 684, 698 (5th Cir. 2013) (quoting *United States v. Woods*, 440 F.3d 255, 260 (5th Cir. 2006)) ("[T]he default rule [is] that totally unrelated crimes should ordinarily receive distinct punishment."); *United States v. Olivares-Martinez*, 767 F.2d 1135, 1137 (5th Cir. 1985) (stating that "consecutive sentencing is an appropriate mechanism for imposing distinct punishment for separate criminal acts, and that a defendant has no right to have concurrent sentences imposed for two totally unrelated offenses").

III.   Conclusion

Consistent with the foregoing analysis, Kindle's *pro se* letter motion (#36) is DENIED.

SIGNED at Beaumont, Texas, this 17th day of September, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE